UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:14-CR-251-3 |
| | § | |
| DARLENE DRUMMER | § | |

**MEMORANDUM AND ORDER**

Darlene Drummer pled guilty to conspiracy to engage in unlawful monetary transactions, in violation of 18 U.S.C. § 371. This Court sentenced her to a 21 month term of imprisonment, three years of supervised release, a $100 special assessment, and ordered her to pay $688,350.00 in restitution. *See* Judgment (Dkt. No. 150). This case is before the Court on Drummer's motion to vacate, set aside, or correct her sentence (Dkt. No. 192), and the government's motion for summary judgment (Dkt. No. 200). Having carefully considered Drummer's motion, the government's motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that the government's motion should be granted, and Drummer's motion should be denied.

I. **Background**

Drummer was indicted on sixteen counts pertaining to her participation in a scheme to defraud Garden Ridge Pottery by staging accidents at Garden Ridge stores and collecting money for injuries claimed to result from the staged accidents. Drummer pled guilty to conspiracy to engage in unlawful monetary transactions pursuant to a written plea agreement containing appellate and postconviction waivers. Plea Agreement (Dkt. No. 76).

## II.    <u>Applicable Legal Standards</u>

Drummer brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The motion contends that Drummer received a longer sentence than a similarly situated co-defendant, and argues that her sentence should be reduced based on that disparity.

## III.    <u>Analysis</u>

The plea agreement contains an express waiver of Drummer's right to collaterally attack her sentence. "The Defendant waives the right to contest her conviction or sentence by means of any post-conviction proceeding." Plea Agreement at 4. The government argues that Drummer thus waived her right to attack her conviction and sentence.

The right to challenge a conviction or sentence on appeal or in postconviction proceedings is waivable. *See, e.g.*, *United States v. Burns*, 433 F.3d 442, 446 (5th Cir. 2005); *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2005). To determine if the waiver is valid and binding, this Court must determine whether the waiver was knowing and voluntary, and whether the plain language of the waiver applies to this proceeding. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Drummer does not contend that she did not understand the terms of her plea agreement or that she was in any way coerced into pleading guilty. Nor does Drummer contend that the sentence is outside the range specified in the plea agreement. *See* Plea Agreement at 2-3 (specifying a statutory sentencing range of up to five years imprisonment, a fine of up to $250,000, up to three years supervised release, a mandatory special assessment of $100 and restitution). The plea agreement expressly states that "Defendant . . . acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum .

. . and that the sentence to be imposed is within the sole discretion of the sentencing judge . . . ." *Id.* at 6. Thus, Drummer was aware that her plea exposed her to a sentence of up to five years imprisonment. The 21 month sentence she received is well within the range to which she agreed with her plea.

Drummer knowingly and voluntarily pled guilty and was aware of the effects of her plea agreement. She chose to plead guilty through a plea agreement containing an express waiver of her right to collaterally attack her sentence. Drummer thus waived her right to bring this action.

## IV.    Conclusion

For the foregoing reasons, Drummer has waived her right to bring this action. Her motion is therefore denied, and the government's motion for summary judgment is granted.

## V.    Certificate Of Appealability

Drummer has not requested a certificate of appealability ("COA"), but this Court may determine whether she is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant "makes a substantial showing when

he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court has carefully reviewed the record in this case. The Court finds that Drummer voluntarily, knowingly and intelligently waived her right to bring this action. Drummer has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Drummer is not entitled to a certificate of appealability.

## VI.  Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

A.     The government's motion for summary judgment (Dkt. No. 200) is GRANTED;

B.     Darlene Drummer's motion to vacate, set aside, or correct sentence (Dkt. No. 192) is DENIED; and

C.     No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 20th day of April, 2017.

_____
Kenneth M. Hoyt
United States District Judge